## PATTERSON v. SEARS–ROEBUCK & CO.
### No. 13787.

United States Court of Appeals,
Fifth Circuit.
May 16, 1952.

H. M. Aldridge, Mobile, Ala., E. T. Brown, Jr., Birmingham, Ala., for appellant.

948

Richard H. Inge, Mobile, Ala., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The suit, brought in Alabama by the administrator of the estate of a deceased employee, sought damages, actual and punitive, for her death.

The claim was: that plaintiff's intestate was in defendant's employ as a clerk or office worker; that she was required to work in a building which was so locked and secured as to prevent egress therefrom; and that, as a result, she was, when a fire arose, entrapped therein and burned to death.

Further alleging: that decedent left surviving her only a husband, a father, and a brother, no one of whom was in any degree dependent on said decedent, either in fact or within the scope of the definition of dependents as set forth in the Alabama Workmen's Compensation Act,[1] and that, therefore, there was no one to sue under that act, plaintiff sought a recovery of damages, independently of and disregarding that act, under the Alabama Wrongful death Statute.[2]

The defendant moving to dismiss on the ground: (1) that petitioner failed to state a claim against the defendant; and (2) directing a more definite statement; the cause was dismissed, twenty days being allowed to file an amended complaint.

Plaintiff amended the complaint by adding six paragraphs. These alleged in effect: that the decedent had no dependents and no action could be maintained under the Workmen's Compensation Law; that, therefore, it did not preclude resort by her legal representative to other Alabama laws for the recovery of the damages caused by her death; and that decedent's death was caused not by an accident arising out of, or originating in, her employment as defined in the Alabama Workmen's Compensation Act, but by the negligent and wrongful acts of defendant in locking and securing the building so that there was no means of her escape therefrom.

The defendant again moving to dismiss for want of a statement of a recoverable claim, the District Judge again dismissed the complaint, and plaintiff has appealed.

Here, conceding that, generally speaking, the act is the exclusive measure of an employer's liability to an injured employee for accidental injuries arising out of, or originating in, his employment, appellant puts forward three main propositions in support of his view that the complaint in this case stated a recoverable claim.

The first is that the relief provided against an employer by the Workmen's Compensation Act, while generally exclusive of any other remedy, is not so in this case, because, by limiting its recoveries to dependents, it denies a remedy in cases like this one where the deceased left no dependents.

The second is that the mere lack of dependents of a deceased employee cannot bar the personal representative from bringing an action against the employer, either under the Wrongful Death Statute or the Employers Liability Act.

The third is that the complaint states a good cause of action arising and accruing outside the scope of the Workmen's Compensation Act in that it clearly alleges a negligent death caused by an accident, not arising out of, and in the course of, decedent's employment.

Proceeding from these three propositions and pointing out that appellee makes no criticism: of the original complaint, except that, on its face, it shows the existence of an employer-employee relationship, and that the Workmen's Compensation Act furnishes the exclusive remedy against an employer for injuries resulting in death to his employees and confines it to dependents; or of it, as amended, except that it shows, on its face, that the injury did arise out of and in the course of the employment; appellant insists that neither of these

1. Secs. 253–325, Title 26, Code of Alabama of 1940.

2. Sec. 123, Title 27, Code of Alabama of 1940.

grounds is well taken, neither is sufficient to sustain the judgment.

As he elaborates his position, it is that every wrong must have its remedy and that it is a contradiction in terms to say that the Alabama Workmen's Compensation Act furnishes the exclusive remedy against the employer for injuries received in the course of her employment, and, at the same time, to say that since she had no dependents, the act furnishes the deceased employee, or her estate, no remedy.

Appellee, citing the Alabama cases holding with complete unanimity: that the Alabama Workmen's Compensation law provides the exclusive remedy against employers for injuries received by their employees, coming within the scope of the Act, that is, accidental, arising out of, or in the course of, their employment; that death damage cases are among those provided for exclusively by and in the act; and that only dependents may sue for them;[3] insists that what appellant is trying to do is to create a cause of action under the Wrongful Death Statute, which does not exist in a Workmen's Compensation case, out of the fact, and the fact alone, that the deceased employee has no dependents.

If the matter were of first impression, if no court had passed upon the precise question, we would, upon the general principles underlying and controlling the statutes and the jurisprudence governing workmen's compensation cases in the states, be compelled to say that the precise language of the Alabama statute, construed in the light of its scheme and purpose, leads irresistibly to the conclusion adopted by the district judge and urged upon us by the appellee.

■ This is: that the act intends to, and does, provide the exclusive remedy for death damages in cases of employee-employer injuries; that it confines the remedy to those who, within the meaning of the act, are dependents of the deceased; and that if there are no dependents to sue, there is no suit, since the remedy is furnished not to the administrator of the estate of a decedent but to his dependents.

Appellant concedes this, but seems to think that the act, designed and intended, in the matter of injuries received by persons in the employer-employee status, to be fully comprehensive, may be in this instance nullified because of the fact that it has limited the suit, in the case of death, to dependents and has not extended it to the administrator of the estate.

■ Such reasoning is opposed to the fundamental theory of construction applied to statutory rights and remedies. Those claiming the benefit of them must bring themselves precisely within them. They cannot extend or enlarge them beyond the statute's terms. Nor is the result, of which appellant makes so much, that no action could be brought against an employer for death damages where a particular employee has no dependents, of importance in law unless by express provision the statute makes it so. The Legislature could take away all remedy for injuries resulting in death, or condition it as it saw fit. It could provide, as it has done under the Workmen's Compensation Act, and as it does in many death damage cases in other states, for a strictly limited kind of recovery.

But the matter, while one of first impression in Alabama, is not so in many other states whose compensation law is like that of Alabama. Among the cases that may be cited dealing with this exact point and ruling it as the district judge did, are cases from five states,[4] all holding that in death damage cases the compensation act is exclusive, and that, where provision is made

3. Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879; Steagall v. Sloss-Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787; Gulf States Steel v. Griffin Co., 214 Ala. 126, 106 So. 898.

4. Shanahan v. Monarch, Engineering Co., 219 N.Y. 469, 114 N.E. 795; Gregutis v. Waclark Wire Works, 86 N.J.L. 610, 92 A. 354; Bigby v. Pelican Bay Lumber Co., 173 Or. 682, 147 P.2d 199; Atchison v. May, 201 La. 1003, 10 So.2d 785; McDonnell v. Berkshire Street Railway Co., 243 Mass. 94, 137 N.E. 268.

only for suits by dependents, no others may predicate a suit upon an allegation that there are no dependents.

In addition, while the Alabama cases have not yet decided the precise question, the courts in Alabama have, by their decisions, foreshadowed what their decision in this kind of case will be so clearly that we are in no doubt that when it comes to the question it will decide it as other courts have done. Indeed, in Steagall v. Sloss Sheffield Steel & Iron Co., 205 Ala. 100, 87 So. 787, the Supreme Court of Alabama, in answering a question akin to the one at issue here, referred with approval to the Gregutis case, note 4 supra, a leading case from New Jersey deciding the question at issue here as the district judge did below.

■ Appellant's subordinate proposition, that the fact of the occurrence and injury as pleaded show that it did not arise out of, or originate in, the employment is wholly without merit. The injury occurred on the employer's premises and during the hours of work, and the responsibility of the employer, if there were dependents to sue, would be undoubted.

The judgment was right. It is affirmed.