Appellant, Rudolph Slagle, filed suit for the wrongful death of his minor son in the Circuit Court of Jefferson County against Reynolds Metals Company, Liberty Mutual Insurance Company, Luther Parker, J.F. Newman, Danny Altman, Ed Miller and Leon Folsom. The trial court granted a summary judgment in favor of Reynolds Metals Company. We affirm.
Briefly, the facts are as follows:
On August 6, 1974, Dennis Slagle, a minor, was employed by Reynolds Metals Company, a corporation, located in Sheffield, Alabama. On that date, the minor, in the course of his employment with Reynolds, was electrocuted. The deceased was not survived by any dependents. It is undisputed that Reynolds paid the following expenses on account of the minor employee's death which included $588.75 in funeral expenses, $132 to Colbert County Hospital, and $35.00 to Dr. R.F. Bowen. In addition, Reynolds paid $100 to the Second Injury Trust Fund.
The basic issue on appeal is whether the Alabama Workmen's Compensation Act provides the exclusive remedy against the employer for the death of a minor employee when the fatal injury arose out of and in the course of his employment and when the minor employee died leaving no dependents.
Appellant concedes that where an employee is fatally injured in an employment related accident, and where the employee dies leaving dependents who are paid compensation by the employer, the Alabama Workmen's Compensation Act provides the exclusive remedy against the employer. However, appellant contends that where a minor employee dies leaving no dependents, he is provided with no remedy for the death of his minor son. Appellant contends that Reynolds had a common law duty to provide a reasonably safe place for its employee to work and due to a breach of that duty, appellant, as the parent of the deceased employee, can maintain an action for injuries causing the death of the minor child under Tit. 7, § 119, Code. We disagree.
Where an employee is fatally injured in a work-related accident, compensation by way of damages is provided by the Alabama Workmen's Compensation Act, Tit. 26, § 253, et seq., Code. Section 272 of the Act, reads as follows:
 "Excluding other remedies. — The rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his
personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of services or death;
and except as herein provided in article 1 and article 2 (as the case may be) of this chapter, no employer included within the terms of this chapter, shall be held civilly liable for any personal injury to or death of any workman due to accident while engaged in the service or business of the employer, the cause of which accident originates in the employment; but nothing in this section shall be construed to relieve any employer from criminal prosecution for failure or neglect to perform any duty imposed by law." [Emphasis added.]
Without question, the above-mentioned statute provides immunity for an employer for injuries arising out of and in the course of employment. Furthermore, this section expressly includes any claims against the employer by the parent of an employee. An action brought under the Alabama Workmen's Compensation laws is purely statutory. Hartford Acc. Indem.Co. v. Rigdon, 418 F. Supp. 540, 542 (S.D.Ala. 1976); Boatrightv. Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500 (1965). A lengthy discussion of the cases interpreting the Workmen's Compensation statutes is unnecessary. Suffice it to say that the rights and remedies granted by the Act *Page 1218 
against an employer for injuries resulting from a work-related accident are exclusive. Patterson v. Sears-Roebuck Co.,196 F.2d 947 (CA 5, 1952); Gunter v. U.S. Fid. Guar. Co., Ala.,340 So.2d 749 (1976); De Arman v. Ingalls Iron Works Co.,258 Ala. 205, 61 So.2d 764 (1952) (dictum); Owens v. Ward,49 Ala. App. 293, 271 So.2d 251 (1972).
Appellant contends that if Alabama Workmen's Compensation Act does provide the exclusive remedy for the death of a minor employee leaving no dependents, it violates due process and equal protection guaranteed by both federal and state constitutions, at least to the extent that the employer is immunized from suit under the facts and circumstances of the instant case. We disagree.
As stated previously, the terms of the Alabama Workmen's Compensation Act are a legislative matter. An employee forfeits all other rights against his employer, whether common law or statutory, for the rights granted under the Act. Owens v. Ward,49 Ala. App. 293, 271 So.2d 251 (1972). Clearly, the legislature did not provide that the employer must make compensation payments where the workman dies leaving no dependents. InPatterson v. Sears Roebuck Co., supra, the administrator of an estate of an employee fatally injured in a work-related accident sued the decedent's employer, alleging that since the decedent was survived by no dependents, the plaintiff could recover damages under Tit. 7, § 123, Code. In granting the defendant's motion to dismiss, the Fifth Circuit held that the Workmen's Compensation Act provided the exclusive remedy against the employer. To the appellant's argument that the Act is, in the instant case, nullified because of the limited remedies provided, the Fifth Circuit stated:
 "Such reasoning is opposed to the fundamental theory of construction applied to statutory rights and remedies. Those claiming the benefit of them must bring themselves precisely within them. They cannot extend or enlarge them beyond the statute's terms. Nor is the result, of which appellant makes so much, that no action could be brought against an employer for death damages where a particular employee has no dependents, of importance in law unless by express provision the statute makes it so. The Legislature could take away all remedy for injuries resulting in death, or condition it as it saw fit. It could provide, as it has done under the Workmen's Compensation Act, and as it does in many death damages cases in other states, for a strictly limited kind of recovery." [Emphasis added.]
196 F.2d at 949. See De Arman v. Ingalls Iron Works Co.;Johnson v. Ralls, 286 Ala. 565, 570-71, 243 So.2d 673 (Maddox, J., concurring specially).
We agree with the Patterson decision which holds that in death damage cases against employers our Legislature has provided that the Workmen's Compensation Act is exclusive. In response to appellant's argument that the Act is unconstitutional, we find that the Legislature's purposes are met by the terms of the Act and the legislative grant of immunity is neither violative of Art. 1, § 13 of the Alabama Constitution or of the 14th Amendment to the Constitution of the United States. Chapman v. Railway Fuel Co., 212 Ala. 106,101 So. 879 (1924).
The judgment of the lower court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur. *Page 1219