This is a workmen's compensation case.
The trial court granted the employer's motion for summary judgment. The employee appeals and we affirm.
The issue on appeal, as stated by the employee in a well reasoned brief, is whether article 2 or article 3 of Alabama's Workmen's Compensation Act (Code of Ala. 1975, § 25-5-1 et seq.), is applicable.
We find, as did the trial court, article 3 to be applicable and affirm.
The employee was killed while employed by the employer-appellee. His death "arose out of and occurred in the course of his employment." He had no dependents. The administratrix of the employee's estate filed suit against the employer, alleging negligence and entitlement to benefits under article 2 of the workmen's compensation laws.
The employer filed a motion for summary judgment, attaching an affidavit in support thereof. This affidavit stated that maximum benefits provided by article 3, to wit, medical expenses, burial expenses, and payment to the secondary trust fund were paid by the employer. In view of these payments, as provided by article 3 when an employee dies without dependents, the trial court granted summary judgment in favor of the employer.
The employee argues that article 3, with limited benefits, does not apply and that article 2 is applicable. While able counsel's arguments are ingenious, they are not bottomed on any contention that the facts surrounding the death are such that article 2 would apply. See Foreman v. Dorsey Trailers, Inc.,256 Ala. 253, 54 So.2d 499 (1951).
Rather, as we perceive counsel's brief, the employee in essence contends that since no substantial benefits are provided by article 3 for an employee who dies without dependents, article 2 must apply. Specifically, employee argues that article 3 did not become "operative" in accordance with the provisions of article 3. In support of its argument, employee states that article 3 does not become operative because it fails to accomplish its desired result of providing "compensation" for the death of the employee. Employee bottoms that allegation on the relatively meager benefits received in comparison to those allowed if employee left dependents.
By virtue of the above, employee argues article 2 should apply which would allow compensation by a civil action instead of under article 3. Put another way, counsel contends that when an employee dies without dependents, the employer is simply not subject to article 3 because that article did not become operative due to its insubstantial benefits accorded the employee. We do not agree.
In Johnson v. Ralls, 286 Ala. 565, 570-71, 243 So.2d 673, 677
(1970), Mr. Justice Maddox in a special concurrence stated as follows:
 "Therefore, I would affirm the trial court on the basis that a personal representative of a deceased employee who is covered under the Workmen's Compensation Act cannot maintain an action under our Homicide Statute against his employer for the employee's wrongful death.
 "In death damage cases against employers, our Workmen's Compensation Act is exclusive. . . . This rule is followed in several other states having acts similar to ours.
 "Appellant contends that in death cases where there are no dependents, the next of kin of a deceased employee are left without a remedy. Under our statutes, this is presently true, but the wisdom of allowing the personal representative of a deceased employee who leaves no dependents to maintain a wrongful death action against the deceased employee's employer *Page 15 
is for the Legislature, not for this Court." [Citations omitted.]
For similar holding, see Slagle v. Reynolds Metals Co., Ala.,344 So.2d 1216 (1977).
The employee would avoid the rationale of the above by pointing out that in Johnson, supra, an attempt was made to go outside the Workmen's Compensation Act to obtain recovery, whereas in the present case he is attempting only to make applicable another article of the act.
We would point out, however, that what makes article 2 applicable are the facts of the particular case. The fact that the employee simply has no dependents does not render article 3 inapplicable and, therefore, article 2 applicable.
Code of Ala. 1975, § 25-5-54, provides, in pertinent part, that:
 "All contracts of employment made on or after January 1, 1920, shall be presumed to have been made with reference to and subject to the provisions of this article. . . ."
We would further note that Code of Ala. 1975, § 25-5-30, provides that:
 "This article shall not apply in cases where article 3 of this chapter becomes operative in accordance with the provisions thereof, but shall apply in all other cases, and in such cases shall be an extension or modification of the common law."
The above clearly indicates to this court that the employer and employee, in this instance, were subject to article 3 of the Workmen's Compensation Act. As noted above, the mere fact that the employee had no dependents does not render article 3 "inoperative" so as to allow compensation by a civil action.
Benefits, as provided by article 3, were paid by the employer. There is no contention by the employee that article 2 applies because of the factual situation surrounding employee's death. See Comments, § 25-5-31, Code of Ala. 1975. Therefore, we find the trial court did not err in granting summary judgment.
Along a slightly different line, the employee argues that article 2 is applicable due to the effect of amendments brought about by Act No. 1062 in 1973. Specifically, he contends the act no longer makes it possible for an employer or employee to elect not to be covered by article 3 and that it is compulsory for both to be covered by article 3. By virtue of this, the employee argues the only field of operation left for article 2 is where an employee dies without dependents in the course of his employment, as in the present case.
The Alabama Supreme Court in Pipkin v. Southern Electricaland Pipefitting Company, Inc., 358 So.2d 1015 (1978), rejected such an argument when it stated:
 "[T]he 1973 amendments, as written, only repealed those sections of the Code pertaining to the election procedures governing whether or not the employer and employee would be bound by the provisions of the Act (§§ 274, 275, 276, Tit. 26, Code 1940). The repeal of these procedures in no way affected the elective option between employer and employee existing under the Act as heretofore defined. The constitutional validity of the Act rests upon the same being elective rather than compulsory . . ." [Emphasis supplied.]
In addition to the above, the employee in his excellent brief argues that Alabama's Workmen's Compensation Act is unconstitutional, being in violation of §§ 13 and 22 of Alabama's Constitution and the fourteenth amendment to the United States Constitution.
Suffice it to say, this constitutional question was not raised in the trial court and, therefore, our review is precluded. See 2 Ala. Digest Appeal Error § 170 (2).
We would note, however, that the quote from Johnson, supra, would to this court clearly recognize that our workmen's compensation laws as they relate to employees without dependents are not constitutionally infirmed. See also Granthamv. Denke, 359 So.2d 785 SC 2542 (May 5, 1978); Pipkin v.Southern Electrical and Pipefitting Company, Inc., supra. *Page 16 
The above being dispositive of the issues in this case, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.