This is a workmen's compensation case.
The instant action was instituted against Jefferson Energy Corporation by Elizabeth and Alfred Lackey in connection with the death of their minor son William Paul Lackey. The complaint alleged that William Paul Lackey was killed on September 12, 1981 when he was run over by a front end loader which he was operating in the course of his employment with Jefferson Energy Corporation. The Lackeys further alleged that their son was unmarried at the time of his death and that he left no children surviving him. Damages were sought under the Alabama Workmen's Compensation Act, and a count for wrongful death was also included in the complaint. In response thereto, Jefferson Energy Corporation sought dismissal of the action, claiming that it was immune from liability under sections 25-5-52 and25-5-53, Code 1975. After the trial court dismissed the complaint, the Lackeys timely filed a notice of appeal. *Page 1291 
Appellants in their briefs raise a frontal attack in two aspects on the statutory scheme of damages provided by the Alabama Workmen's Compensation Act. They first argue that sections 25-5-52 and 25-5-53, Code 1975, are unconstitutional under the fourteenth amendment to the United States Constitution and Article I, sections 13 and 22 of the Alabama Constitution in the case of the job-related death of a minor employee who dies without dependents. They further claim that their action was brought under article 2 of the Workmen's Compensation Act, which became operative in the instant case because relief was barred by article 3 of the Act.
As to the Lackeys' claim that the exclusive scheme of damages provided by the Alabama Workmen's Compensation Act is unconstitutional, section 25-5-52, Code 1975, provides:
 "No employee of any employer subject to this article, nor the personal representative, surviving spouse or next of kin of any such employee shall have any right to any other method, form or amount of compensation or damages for any injury or death occasioned by any accident proximately resulting from and while engaged in the actual performance of the duties of his employment and from a cause originating in such employment or determination thereof other than as provided in this article."
Similarly, section 25-5-53, Code 1975, states that "[t]he rights and remedies herein granted to an employee shall exclude all other rights and remedies of said employee, his personal representative, parent, dependents or next of kin, at common law, by statute or otherwise on account of said injury, loss of service or death." However, the Lackeys argue that these two code sections are constitutionally infirm because they serve to bar the parents or personal representatives of minors who die in work-related accidents and leave no dependents from a recovery on the basis of wrongful death. Other parties similarly situated, they argue, are permitted to bring an action for wrongful death and are not barred from receiving a recovery when the death stems from some cause other than a work-related accident. The Lackeys take the position that such a classification is arbitrary and unfair.
In its decision of Slagle v. Reynolds Metals Co.,344 So.2d 1216 (Ala. 1977), our supreme court, when faced with a challenge to the constitutionality of the exclusive scheme of damages provided by the Workmen's Compensation Act, stated:
 "Without question, the above mentioned statute provides immunity for an employee for injuries arising out of and in the course of employment. Furthermore, this section expressly includes any claims against the employer by the parents of an employee. An action brought under Alabama Workmen's Compensation laws is purely statutory. Hartford Acc. Indem. Co. v. Rigdon, 418 F. Supp. 540, 542
(S.D.Ala. 1976); Boatright v. Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500 (1965). A lengthy discussion of the cases interpreting the Workmen's Compensation statutes is unnecessary. Suffice it to say that the rights and remedies granted by the Act against an employer for injuries resulting from a work-related accident are exclusive. Patterson v. Sears-Roebuck Co., 196 F.2d 947 (C.A. 5 1952); Gunter v. U.S. Fid. Guar. Co., Ala., 340 So.2d 749
(1976); De Arman v. Ingalls Iron Works Co., 258 Ala. 205, 61 So.2d 764 (1952) (dictum); Owens v. Ward, 49 Ala. App. 293, 271 So.2d 251 (1972)."
This decision, coupled with the holding in Slagle v. Parker,370 So.2d 947 (Ala. 1979), where the supreme court stated that it has been held to be "constitutionally permissible for the legislature through the Workmen's Compensation Act to deprive a father of his right to sue for the wrongful death of his son under § 6-5-391," forecloses the Lackeys' argument that sections 25-5-52 and 25-5-53 are unconstitutional. See alsoKelley v. Moretti-Harrah Marble Co., 414 So.2d 1 (Ala. 1982). Since we are bound to follow these precedents, we must affirm the trial court's decision to grant a dismissal in favor of Jefferson Energy Corporation.
We similarly find no merit in the Lackeys' second argument that the instant *Page 1292 
action is governed by article 2, rather than article 3, of the Workmen's Compensation law. They claim that the language of section 25-5-30, Code 1975, causes article 2 to apply in the event of the job-related death of a minor employee who dies without dependents. Section 25-5-30 provides:
 "This article shall not apply in cases where article 3 of this chapter becomes operative in accordance with the provisions thereof, but shall apply in all other cases, and in such cases shall be an extension or modification of the common law."
The Lackeys further argue that since they are barred by the terms of section 25-5-60, Code 1975, from receiving a recovery for the death of their son, they are entitled to a remedy under article 2. This same argument was advanced in Holliday v. C.T.Thackston Sand Gravel Co., 361 So.2d 13 (Ala.Civ.App. 1978). There, we held that "[t]he fact that the employee simply has no dependents does not render article 3 inapplicable and, therefore, article 2 applicable."
For the foregoing reasons the decision of the trial court to dismiss the Lackeys' action must be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.