514 So.2d 935 (1987)
Sandra HUGHES, Administratrix of the Estate of Alice Hendon Wheeler, Deceased
v.
DECATUR GENERAL HOSPITAL.
86-9.
Supreme Court of Alabama.
September 18, 1987.
*936 Paul J. Matthews II, Hartselle, for appellant.
Joe Calvin, Decatur, for appellee.
STEAGALL, Justice.
Sandra Hughes, as administratrix of the estate of Alice Wheeler, deceased, appeals from a summary judgment granted in favor of Decatur General Hospital. We affirm.
On August 24, 1985, Wheeler was employed by Decatur General as a licensed practical nurse. On this date Wheeler worked on the 3:00 p.m. to 11:00 p.m. shift. At approximately 11:20 p.m., after Wheeler had completed her shift, she was walking to her car, which was parked in a parking lot maintained by Decatur General for business invitees, visitors, and employees of Decatur General. The parking lot was located across 7th Street, S.E., which ran adjacent to the main buildings of Decatur General and which Wheeler had to cross in order to get to the parking lot where her car was parked. While attempting to cross 7th Street, S.E., Wheeler was struck by an automobile; she suffered injuries that resulted in her death. She left no surviving dependents.
Hughes, as administratrix of the estate of Wheeler, filed an action for wrongful death against Decatur General and others, alleging that the actions and negligence of the defendants caused Wheeler's death. Decatur General filed a motion for summary judgment, asserting that, at the time of the accident, Wheeler was acting within the line and scope of her employment with Decatur General, and arguing, therefore, that any cause of action Hughes had for the death of Wheeler was subject to Alabama's Workmen's Compensation Act, which provides the exclusive rights and remedies of Wheeler. Decatur General's motion for summary judgment was granted and a final judgment was entered with respect to Decatur General on August 21, 1986.
Summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Moesch v. Baldwin County Electric Membership Corp., 479 So.2d 1271 (Ala.Civ.App.1985).
*937 If an employee was acting within the line and scope of her employment at the time of her injury, then that injury falls within the Workmen's Compensation Act. Ala.Code 1975, § 25-5-1 et seq.
The general rule is that an employee injured while on the way home or to work or to a place not required by duty is not covered by the Workmen's Compensation Act. Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813 (1932). However, the Court recognized an exception to this rule in Barnett, 225 Ala. at 463, 143 So. at 813, wherein the Court stated:
"[T]he employment is not limited by the actual time when the workman reaches the scene of his labor and begins it nor when he ceases, but includes a reasonable time, space, and opportunity before and after while he is at or near his place of employment."
In that case the Court held that the injury incurred by the plaintiff/employee, who slipped on the sidewalk a few feet outside the only entrance to the employer's premises just before time to start to work, arose out of and in the course of employment.
In United States Steel Corp. v. Martin, 267 Ala. 634, 104 So.2d 475 (1958), this Court held that an ironworker, who got a "catch" in his back while changing clothes in preparation for work in a room furnished by his employer, sustained an injury arising out of and in the course of his employment. The Court stated as follows:
"Petitioner next argues that the respondent's injury did not `arise out of or in the course of his employment.' We have said that an employee's injury is within the prescription of these phrases of our act if, when the injury was received, the employee was either doing the work or performing the service he was engaged to do or perform, or was engaged in an act or service naturally related thereto, such as a reasonable judgment would refer either to the express or the implied elements of the contract of employment, such as a reasonable conception would conclude to be a natural incident of the employee's engagement. Within the purview of such naturally related and incidental acts in the course of the employment is the movement of the employee in entering, at the appropriate time, the employer's premises to discharge his function; his preparation to begin and to terminate his actual service; and to leave the premises at an appropriate time after the completion of his actual service."
United States Steel Corp. v. Martin, 267 Ala. at 636, 104 So.2d at 476.
Most courts consider parking lots owned or maintained by an employer as part of the employer's premises whether the lots are within the main company premises or separated from it. 1 Larson, The Law of Workmen's Compensation, § 15.42(a), pp. 4-87 through 4-98 (1985). Furthermore, most courts hold that an injury incurred on a public street or other places off premises between the employer's plant and the parking lot arises out of or in the course of employment if it is a necessary route between the two premises. 1 Larson, The Law of Workmen's Compensation, § 15.14(b), pp. 4-49 through 4-51 (1985).
When the accident in the instant case occurred, Wheeler was leaving the main premises of Decatur General and crossing a public street in order to reach a parking lot owned and maintained by Decatur General for use by its employees and visitors. Based upon the rationale of the foregoing Alabama cases and Larson's treatise, we hold that Wheeler's injury arose out of and in the course of her employment with Decatur General.
Hughes, as administratrix of the estate of Wheeler, arguesbecause Wheeler left no dependents and, therefore, there is no recovery to be had under the Workmen's Compensation Act for death damagesthat the Workmen's Compensation Act does not provide the exclusive remedy in this case, and that the Workmen's Compensation Act and Alabama's wrongful death statute should be construed together to allow her, as administratrix of Wheeler's estate, to bring a wrongful death action against Decatur General. Hughes relies upon Braxton v. Dixie Electric Coop., *938 Inc., 409 So.2d 822 (Ala.1982), as authority for her argument. The issues in Braxton were whether a wrongful death action, filed by the only dependent of a deceased employee, who was covered by workmen's compensation, survived the death of the dependent and whether that wrongful death action could be maintained against the employer's workmen's compensation carrier. The Court held that the action survived but could not be maintained against the workmen's compensation carrier.
In Slagle v. Reynolds Metals Co., 344 So.2d 1216 (Ala.1977), this Court held that Alabama's Workmen's Compensation Act provides the exclusive remedy against an employer for the death of an employee when the fatal injury arose out of or in the course of employment and that this is the case even when the employee died leaving no dependents so that in effect there was no recovery for death damages to be had under the Act.[1] The Court pointed out that in death cases the Legislature has provided that workmen's compensation is the exclusive remedy against employers and said that even though the Act's provisions amounted, in effect, to a grant of employer immunity in the case of an employee who died without surviving dependents, that legislative grant of immunity is not violative of due process or equal protection principles. See also Lackey v. Jefferson Energy Corp., 439 So.2d 1290 (Ala.Civ.App. 1983), and Ala.Code 1975, § 25-5-53.
In Holliday v. C.T. Thackston Sand & Gravel Co., 361 So.2d 13 (Ala.Civ.App. 1978), the administratrix of the employee's estate filed suit against the employer, alleging that the estate was entitled to benefits under article 2 of the Workmen's Compensation Act relating to compensation by civil actions. The Court of Civil Appeals held that article 3 of the Workmen's Compensation Act was applicable to the death of an employee whose death arose out of and in the course of his employment, even though the employee left no surviving dependents and the maximum benefits payable under article 3 on behalf of an employee without surviving dependents is smaller than those benefits payable on behalf of an employee with surviving dependents.
In the instant case, we find that Wheeler's death is subject to article 3 of Alabama's Workmen's Compensation Act even though Wheeler died leaving no dependents. Therefore, the administratrix of Wheeler's estate is not entitled to bring a wrongful death action against Decatur General, because the Workmen's Compensation Act provides Wheeler's exclusive remedies.
Based upon the foregoing, we hold that the trial court did not err in granting summary judgment for Decatur General.
AFFIRMED.
TORBERT, C.J., and SHORES and ADAMS, JJ., concur.
JONES, J., concurs specially.
JONES, Justice (concurring specially).
Adhering to the precedent cited, as well as to the earlier Fifth Circuit Court of Appeals case of Patterson v. Sears-Roebuck & Co., 196 F.2d 947 (5th Cir.1952), I concur in the opinion. I write separately, however, to express my personal view of the rank injustice of these holdings. My point is dramatized by the next to last paragraph of the majority opinion: "[T]he administratrix of Wheeler's estate is not entitled to bring a wrongful death action against Decatur General, because the Workmen's Compensation Act provides Wheeler's exclusive remedies." In other words, the opinion holds that the employer is covered by the Act, thus invoking the exclusive remedy clause, but no obligation is imposed on the employer pursuant to the Act. The law's rationale for this incongruity *939 is based on a legal fiction: that the law furnishes a remedy under the Act; but, because the deceased employee left no dependents, no one is eligible to pursue the remedy and, thus, no recovery is allowed. This rationale acknowledges that, to invoke the exclusivity clause, it is essential that the Act provide a remedy. Recovery, however, is barred because the Act vests the right of action for death (the right to pursue the remedy) only in dependents of the deceased worker. To paraphrase one of Dickens's characters in A Tale of Two Cities, if the law would do this thing (indulge a senseless fiction), "the law is a ass."
Public policy ought not to tolerate a nonsensical, life-indifferent result: to kill is cheaper than to injure. A remedy contemplates the interaction between the obligee and the obligor. It must operate not only in favor of the one but against the other. Not even the no-fault concept of workmen's compensation alters this basic premise. Indeed, in other contexts, the Court has not permitted the exclusivity defense when to do so would leave the injured worker remediless. For example, the Court, in Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937), sustained the injured employee's right to sue at common law for the contraction of an insidious disease (one not caused by an accidentinjuries caused by accident being the only injuries covered by the Act).
I conclude by noting an extreme irony in this particular case. In order to invoke the exclusivity clause, the employer (here, its insurance carrier) urges a finding of coverage under the Act, whereas, under circumstances other than death, the coverage issue would have been strongly contested (and, in my opinion, with a high probability of success). The ultimate irony, then, is that a trial judge (the judge in the instant case excepted, of course) with a pro-employer philosophy, would fashion his findings of fact to exclude coverage in an injury context, based upon an "arising out of and in the course of employment" defense, while that same trial judge would find coverage in a death case to invoke the exclusivity defense. It's a crazy world!
NOTES
[1] While the plaintiff in Slagle argued that he had been "provided with no remedy for the death of his minor son," apparently the employer had paid medical and funeral expenses and had made payment to the "Second Injury Trust Fund." These payments are apparently the payments the Court of Civil Appeals, in Holliday v. C.T. Thackston Sand & Gravel Co., 361 So.2d 13 (Ala.Civ.App. 1978), would characterize as "the relatively meager benefits received in comparison to those allowed if employee left dependents." 361 So.2d at 14.