George Yarchak, as administrator of the estate of his son, David Everett Yarchak, appeals from the judgment dismissing the complaint as to Munford, Inc., and Majik Market, a division of Munford, Inc., as well as from the summary judgment for the attorney general in Yarchak's suit seeking damages for the wrongful death of his son and a judgment declaring that the exclusive remedy provisions of the Workmen's Compensation Act (hereinafter referred to as "the Act"), Ala. Code 1975, §§25-5-52 and -53, are unconstitutional.[1] *Page 649 
David Yarchak was employed by Munford, Inc., as a clerk in one of its Majik Market convenience stores in Birmingham. While David was working at the store on November 26, 1988, he was shot to death by an unknown assailant. David left no spouse or dependents.
On appeal, George Yarchak argues that the Act violates Article 1, §§ 1 and 13, of the Alabama Constitution (1901) and the equal protection clause of the 14th Amendment to the United States Constitution because it limits the benefits available to the estates of employees who die leaving no dependents to funeral and medical expenses, while it provides substantially higher compensation to employees who are merely injured or who die leaving dependents.[2]
This precise issue was raised recently in Landers v. O'NealSteel, Inc., 564 So.2d 925 (Ala. 1990); however, this Court affirmed the summary judgment for O'Neal Steel and the attorney general on procedural grounds and, thus, did not address the constitutional argument.[3]
This Court has previously upheld various provisions of the Act in the face of constitutional challenges, most recently inEx parte Adkins, 565 So.2d 633 (Ala. 1990). In that case, David Adkins argued that Ala. Code 1975, § 25-5-57(a)(4), which allows an employer, under certain circumstances, to request a review of a workmen's compensation claim following final adjudication, was unconstitutional because it did not provide the employee with the same right. Applying the "rational basis" test, this Court disagreed, holding that the classification was rationally related to the legislative purpose of giving employers an economic incentive to rehabilitate employees.
Another recent case, Reed v. Brunson, 527 So.2d 102 (Ala. 1988), upheld the validity of Ala. Code 1975, § 25-5-11(c)(1), which limits actions against co-employees to those based on willful conduct that results in injury or death. In that case, we applied both the vested rights approach and the common law rights approach in determining that § 25-5-11(c)(1) did not violate § 13 of the Alabama Constitution.
Yarchak argues that a wrongful death action is common law in nature and that, as such, its removal as a remedy by the exclusivity provisions of the Act is subject to the two-pronged analysis enunciated by Justice Shores in her opinion concurring in the result in Fireman's Fund American Ins. Co. v. Coleman,394 So.2d 334 (Ala. 1980), and applied in Reed v. Brunson, supra.
We disagree with that argument. This Court has consistently held that wrongful death actions are statutory, DowntownNursing Home, Inc. v. Pool, 375 So.2d 465 (Ala. 1979), cert.denied, 445 U.S. 930, 100 S.Ct. 1318, 63 L.Ed.2d 763 (1980), and, therefore, that they may be modified, limited, or repealed as the legislature sees fit. Slagle v. Parker, 370 So.2d 947
(Ala. 1979).
Slagle v. Parker held that the legislature could abolish an employee's right to bring a wrongful death action against a co-employee because a cause of action for wrongful death did not exist at common law. "Where common-law rights are altered or abolished, this Court will review such legislation more strictly than normal. Where no common law right is affected, a *Page 650 
judicial deference to the legislature is required; however, the legislation may not be arbitrary or capricious." Lankford v.Sullivan, Long Hagerty, 416 So.2d 996, 1000 (Ala. 1982). Thus, we must decide whether the Act's preclusion of a cause of action for wrongful death (see §§ 25-5-52 and -53) is arbitrary or capricious.
It is apparent that the Act is designed to financially aid an employee and/or his dependents in the event of a job-related injury or death. In that regard, this Court has written:
 " 'The statute creates two distinct rights — one for the benefit of the workman; the other for the benefit of his dependents. To the workman it gives compensation for disability caused by injuries sustained while in the performance of his duties. This is intended as compensation to him for loss of earnings. To his dependents it gives compensation for his death if caused by the injury. This is intended as compensation for loss of the support which they would have received from him if he had lived.' "
United States Steel Corp. v. Baker, 266 Ala. 538, 545,97 So.2d 899, 905 (1957) (quoting Tierney v. Tierney Co., 176 Minn. 464,223 N.W. 773 (1929)).
Compensation any greater than that — in the form of benefits to or a cause of action for wrongful death by the estate of an employee who leaves no dependents — would clearly exceed the purpose of the Act. As Justice Maddox stated in his special concurrence in Johnson v. Ralls, 286 Ala. 565, 571,243 So.2d 673, 677 (1970), "the wisdom of allowing the personal representative of a deceased employee who leaves no dependents to maintain a wrongful death action against the deceased employee's employer is for the legislature, not for this Court."
The nature of workmen's compensation awards has been explained as follows:
 "Not only is the award trimmed on all sides — as to kind of injury, elements of damage, and maximum dollar amount — to ensure that it can never exceed the amount necessary to prevent want during disability; the award itself is completely cut off in most jurisdictions when, through the death of the worker without dependents, for example, there is no further need to worry about anyone's becoming destitute."
1 A. Larson, Larson's Workmen's Compensation Law § 2.60, at 12-13 (1990) (emphasis added).
Finally, we note that Pipkin v. Southern Electrical Pipefitting Co., 358 So.2d 1015 (Ala. 1978), held that the 1973 amendments to the Act did not affect the elective aspect of the Act, only the procedures governing whether the employer and employee will be bound by the Act.
Based on the foregoing analysis, we find that §§ 25-5-52 and -53 of the Act are not arbitrary or capricious and that they do not violate Article I, § 13, of the Alabama Constitution.
With regard to Yarchak's equal protection argument, we recognize initially that, because no suspect class is involved, that portion of the Act that limits benefits available to the estates of employees who die leaving no dependents to funeral and medical expenses must have a rational basis to withstand constitutional scrutiny. Reed v. Brunson, supra. If the legislation is rationally related to a legitimate state interest, it will be sustained. Ex parte Adkins, supra.
Alaska's workmen's compensation act has similar provisions pertaining to exclusivity and funeral and medical benefits for the estates of employees who die without dependents. That state's supreme court resolved the same issue as is presented here, as follows:
 "Here the legislature has chosen to provide greater compensation to the estates of those deceased workers leaving dependents, i.e. persons, such as children and spouses, who are generally dependent, at least in part, upon the deceased worker's salary for their own support. The fact that they are entitled to favored treatment, over the estates of workers leaving no dependents, reflects a legislative determination that the former require greater compensation, because of *Page 651 the need to replace the income that provided support for those dependent upon the deceased worker prior to his death.
 "This determination, in our judgment, is entirely reasonable. The Workers' Compensation Act provides many benefits. Some of those benefits may be realized by the worker himself, prior to his death, such as the compensation payable when the worker is injured but not killed. Other benefits accrue only in the event of his death. All, however, are part of the overall plan. Thus viewed, we are satisfied that there is a fair and substantial relationship between the overall purpose of the Workers' Compensation Act and the particular limitation that applies in this case. Accordingly, we hold that the Act does not deprive [the decedent's] estate of equal protection of the law, under either the state or federal constitution."
Taylor v. Southeast-Harrison Western Corp., 694 P.2d 1160,1162-63 (Alaska 1985) (emphasis added). Two other jurisdictions have reached the same result. See Casillas v. S.W.I.G., 96 N.M. 84, 628 P.2d 329 (Ct.App. 1981), cert. denied, 96 N.M. 116,628 P.2d 686 (N.M. 1981), appeal dismissed, 454 U.S. 934,102 S.Ct. 467, 70 L.Ed.2d 242 (1981), and Padilla v. IndustrialCommission of Colorado, 696 P.2d 273 (Colo. 1985). See, also,Lackey v. Jefferson Energy Corp., Inc., 439 So.2d 1290
(Ala.Civ.App. 1983) (holding that Slagle v. Parker, supra, foreclosed the argument that § 25-5-52 and -53 are unconstitutional).
We conclude that the classification at issue here is rationally related to a legitimate state interest: to provide, after an employee's death, only for those individuals who were dependent upon the decedent's salary when he or she was alive. Thus, the dismissal as to Munford, Inc., and Majik Market and the summary judgment for the attorney general are affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
JONES, J., concurs specially.
[1] Although Yarchak's complaint did not seek funeral or medical benefits pursuant to Ala.
 Code 1975, §§ 25-5-67 and -77, Munford, Inc., contends that it paid those expenses on David Yarchak's behalf. The record, however, is silent with regard to the validity of that contention.
[2] Article I, § 1, is Alabama's equivalent to the equal protection clause of the 14th Amendment to the United States Constitution, and it reads "[t]hat all men are equally free and independent; that they are endowed by their Creator with certain inalienable rights; that among these are life, liberty and the pursuit of happiness." Article I, § 13, states "[t]hat all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."
[3] Landers failed to rebut O'Neal Steel's prima facie showing that it was entitled to a judgment as a matter of law. He also failed to serve the attorney general with notice, pursuant to Ala. Code 1975, § 6-6-227, that he was challenging the constitutionality of a state statute. In this case, Yarchak did serve the attorney general with such notice.