I agree that the Alabama Workmen's Compensation Act is constitutional. I further agree that, where a worker is killed by an accident arising out of and in the course of his employment, but is not survived by dependents, Article 3 of the Act does not provide a no-fault remedy. The only no-fault recovery is provided by Ala. Code 1975, § 25-5-67 ($1,000 for burial expenses).
The determination of whether a fault-based remedy is available outside the coverage of Article 3 is governed by the exclusivity clause of § 25-5-53. In its limitation-of-remedies provision, § 25-5-53 contains the following exception: "Except as provided in this article [Article 3] and article 2. . . ." (Emphasis added.) Because it excepts those remedies provided in Articles 2 and 3, it is clear that the exclusive-remedy provision clearly does not apply to those remedies, if any, provided in either Article 2 or Article 3.
Having determined that Article 3 does not provide a no-fault remedy, and that the lack of such a remedy (due to the lack of dependents of the deceased employee) does not impugn its constitutional validity, we must next test the plaintiff's claim against the fault-based remedy provided in Article 2.
Section 25-5-30 defines the scope of Article 2: "This article shall not apply in cases where article 3 of this chapter becomes operative in accordance with the provisions thereof, but shall apply in all other cases, and in such cases shall be an extension or modification of the common law."
Without dispute, because of the deceased employee's lack of dependents, Article 3 provides no remedy for the employee's death. Stated otherwise, Article 3 imposes no liability on the employer for compensation under these circumstances. (To state the obvious, the payment of funeral expenses, which is due whether or not the deceased employee leaves any dependents, is not "compensation.") For a case allowing a common law or statutory remedy *Page 652 
outside the coverage of the workmen's compensation act, seeGentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530 (1937).
Section 25-5-31 defines the remedy provided by Article 2:
 "When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer; provided, that the injury or death was not caused by the wilful misconduct of the employee or was not due to misconduct on his part, as defined in section 25-5-51."
Contrary to the no-fault remedy provided by Article 3, which would apply but for the deceased employee's lack of dependents, the remedy provided by Article 2 is based upon the concept of fault. One other significant difference between the respective remedies provided by Article 2 and Article 3 lies in thecapacity of the plaintiff who is authorized to sue for a job-related death. Article 3 makes no provision for recovery by any person other than a dependent, who may prosecute for death benefits without the necessity of being appointed as the personal representative of the deceased employee's estate. (As we have seen, this is the very rationale for rejecting this plaintiff's claim for compensation under Article 3's nonculpability concept.)
On the other hand, under Article 2, the personal representative, for the benefit of the spouse and next-of-kin, is the only person authorized to prosecute the statutory tort claim against the employer. The ultimate test of Article 2's application, then, is to examine the plaintiff's statement of the claim against the fault-based remedy provided by § 25-5-31. A careful study of the record, as well as of the plaintiff's brief, reveals that the only claim asserted is a claim alleging wrongful death, brought pursuant to § 6-5-410.
Indeed, for the purposes of arguing for the constitutional invalidity of the exclusive remedy provision, the plaintiff's counsel, in brief, takes the position that Article 2 "has no field of operation." To the contrary, it is for the very reason that the "exclusive remedy" provision excepts Article 2 from its application, thus giving Article 2 a field of operation that the plaintiff's constitutional argument fails.
Therefore, I concur in the opinion to affirm the judgment. See, also, my special concurring opinion in Hughes v. DecaturGeneral Hospital, 514 So.2d 935 (Ala. 1987).