STEAGALL, Justice.
Michael Wayne Leonard died as a result of injuries he sustained in an automobile accident in which he was involved while employed by Story & Company, Inc., and while he was working in the line and scope of his employment. At the time of his accident, Leonard was single and had no dependents. Rhonda King, as administratrix of Leonard’s estate, sued Story & Company and Mack Trucks, Inc., alleging liability for the wrongful death of Leonard. King alleged that Story & Company had negligently and wantonly maintained Leonard’s “company truck” and had failed to provide Leonard with a safe vehicle to drive. Story & Company moved for a summary judgment, arguing that the exclusivity provisions of the Workers’ Compensation Act provide it immunity from claims based on negligence and wantonness. The trial court denied the motion, and this Court granted Story & Company’s petition for permission to appeal pursuant to Rule 5, A.R.App.P.
Story & Company argues that a personal representative of a deceased employee who died without surviving dependents cannot maintain an action based on negligence and wantonness against the employer when the employee’s death arose out of employment. Story & Company argues that the legislature has provided that Article 3 of the Workers’ Compensation Act, Ala.Code 1975, § 25-5-50 et seq., is an employee’s exclusive remedy, even when the employee dies leaving no dependents, and that Article 3 applies even though it would amount to immunity in the case of an employee who dies without dependents. King argues that because Leonard died without dependents, this action is governed by Article 2 of the Workers’ Compensation Act, rather than by Article 3.
This Court has held that the Alabama Workers’ Compensation Act provides the exclusive remedy against employers for the death of an employee when the employee’s death arose out of or in the course of employment and that this is the case even where the employee left no dependents so that there was no recovery of death damages under the Act. Yarchak v. Munford, Inc., 570 So.2d 648 (Ala.1990); Hughes v. Decatur General *594 Hospital, 514 So.2d 935 (Ala.1987); Slagle v. Reynolds Metals Co., 344 So.2d 1216 (Ala.1977). On the authority of those cases, therefore, we hold that Story & Company is entitled to a summary judgment. The order denying the summary judgment is reversed and the cause is remanded for action consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, SHORES, HOUSTON and INGRAM, JJ, concur.