MADDOX, Justice.
The sole issue presented in this case is whether the personal representative of a deceased dependentless employee, who was covered by the Workers’ Compensation Act, can maintain a wrongful death action for damages against the employer under Article 2 of the Act.
Maybelle Biggioms was employed by Champion International, Inc., d/b/a Champion Paper Company (“Champion”), in Abbe-ville. On September 25, 1990, Biggioms was injured when she was struck by a piece of industrial equipment. It is undisputed that Biggioms was working in the line and scope of her employment when she was injured and that she later died as a proximate result of her injuries.
On December 10, 1990, Johnny Lee Truitt and Sarah Truitt, as next friends of Maybelle Biggioms, then a non compos mentis, filed a complaint seeking workers’ compensation benefits from Champion.[1] Biggioms died on August 29,1991, leaving no dependents. The Truitts were appointed co-administrators of Biggioms’s estate, and they subsequently amended their complaint to assert “a death claim pursuant to Article 2 of the Workmen’s Compensation Act for fault-based remedy for the death of a dependentless employee,” claiming that Biggioms’s injuries and subsequent death proximately resulted from the imputed negligence of Champion.
Champion moved for a summary judgment, arguing that when an employee covered by the Workers’ Compensation Act dies from a job-related accident, without dependents, the exclusive remedy against an employer is the statutory recovery of burial and medical expenses. Champion argued to the trial court, and argues here on appeal, that the courts of Alabama have consistently held that Article 3 of the Workers’ Compensation Act is an employee’s exclusive remedy even in eases where the employee dies leaving no dependents.
The Truitts, relying heavily upon language in a special concurrence filed by Justice Jones in Yarchak v. Munford, Inc., 570 So.2d 648 (Ala.1990),[2] and upon an article written by Justice Jones entitled A Proposed Rewrite of the Alabama Worker’s Compensar tion Act, 15:1 Am.J.Trial Advoc. 1 (1991), successfully argued to the trial judge that they were entitled to sue as the personal representatives under §§ 25-5-30 and 25-5-31, Ala.Code 1975, part of Article 2 of the Workers’ Compensation Act, on the ground that Article 3 did not become “operative,” because the decedent had died without any dependents. The basic argument of the Truitts in the trial court and here on appeal is that “[wjhere Article 3 does not provide a no-fault remedy, Article 2 provides a fault-based common law remedy for injury and a fault-based statutory remedy for wrongful death.”
The trial court agreed with the Truitts and denied Champion’s motion for summary judgment. Pursuant to Rule 5, Ala.R.App.P., Champion sought permission to appeal from the order denying its sum *970 mary judgment motion. We granted that permission, and after duly considering the issue presented, we reverse and remand.
Article 3 of the Workers’ Compensation Act provides:
“Except as provided in this article [article 3] and article 2, as the case may be, of this chapter, no employer included within the terms of this chapter shall be held civilly liable for any personal injury to or death of any workman who is an employee of the employer and whose injury or death is due to an accident while engaged in the service or business of the employer, the cause of which accident originates in the employment.”
§ 25-5-53, Ala.Code 1975 (as it read before a May 1992 Amendment).[3] At the time applicable to this case,-Article 2 of the Act provided:
“This article shall not apply in cases where Article 3 of this chapter becomes operative in accordance with the provisions thereof, but shall apply in all other cases, and in such cases shall be an extension or modification of the common law.”
§ 25-5-30, Ala.Code 1975. Thus, if Article 3 is applicable to a claim, then Article 2 is inapplicable. As stated above, the Truitts contend that Article 3 is inapplicable and that they have a cause of action under Article 2, because, they say, “Article 3 does not provide a no-fault remedy” where the deceased employee dies without dependents. We have carefully reviewed the arguments in this case and have re-examined the holding in Story & Co., Inc. v. King, 628 So.2d 593 (Ala.1993), where this Court addressed the same issue presented on this appeal.[4] In Story, this Court held that “the Alabama Workers’ Compensation Act provides the exclusive remedy against employers for the death of an employee when the employee’s death arose out of or in the course of employment and that this is the case even where the employee left no dependents so that there was no recovery of death damages under the Act.” Story, 628 So.2d 593. In view of the action taken by the trial court and the insistence of the Truitts, we have also examined the cases we cited in Story to support the holding in that case, and we conclude that precedents of both this Court and the Court of Civil Appeals support the holding in Story.
This Court, in Story, and the Court of Civil Appeals, in Holliday v. C.T. Thackston Sand & Gravel Co., 361 So.2d 13 (Ala.Civ.App.1978), have addressed the precise issue presented here, and both Courts have rejected the argument made by the Truitts. In Holli-day, the Court of Civil Appeals explained the argument made by the plaintiff, the adminis-tratrix of a dependentless employee’s estate:
“[The estate] argues article 2 should apply which would allow compensation by a civil action instead of under article 3. Put another way, counsel contends that when an employee dies without dependents, the employer is simply not subject to article 3 because that article did not become operative due to its insubstantial benefits accorded the employee. We do not agree.”
361 So.2d at 14.
Here, as in Holliday “[t]here is no contention by the employee that article 2 applies because of the factual situation surrounding the employee’s death.” Holliday, 361 So.2d at 15. The Truitts’ argument that Article 3 is inoperative because it does not provide a remedy where the deceased employee leaves no dependents is the same argument the plaintiff made in Holliday. The Court of Civil Appeals rejected that argument, holding that “the mere fact that the employee had no dependents does not render article 3 ‘inoperative’ so as to allow compensation by a civil action” under Article 2. 361 So.2d at 15. See also, Lackey v. Jefferson Energy Corp., Inc., 439 So.2d 1290, 1291-92 (Ala.Civ.App.1983) (following Holliday and rejecting the same argument).
*971 The Truitts attempt to distinguish Holli-day and Lackey, claiming that relief was denied in those cases because, they argue, the “personal representative failed to state a statutory claim under Article 2,” and arguing that “[wjhere Article 3 does not provide a no-fault remedy, Article 2 provides a fault-based common law remedy for injury and a fault-based remedy for death.”
We disagree with the Truitts’ distinction. We have reviewed each of those eases, and we conclude that the Court of Civil Appeals did not use that distinction as a basis for denying relief in those cases. The court held in both Holliday and Lackey that the claims were governed exclusively by Article 3, and, therefore, that no action could be maintained under Article 2. Similarly, in Story, this Court squarely held that the exclusivity provisions of the Act applied to a claim like those presented in those cases. If we adopted the reasoning of the plaintiffs, we would have to overrule Story, Holliday, Lackey, and other cases in which this Court has held that the exclusivity provisions of the Act apply. For example, in Hughes v. Decatur General Hospital, 514 So.2d 935, 937 (Ala.1987), the personal representative of the estate of a deceased employee who had left no dependents argued that because there was no recovery to be had under the Workers’ Compensation Act for death damages, the Workers’ Compensation Act did not provide the exclusive remedy for the death and that, therefore, she should be allowed to bring a wrongful death action against the employer. We rejected this claim, holding that the employee’s death was “subject to article 3 of Alabama’s Workmen’s Compensation Act even though [the employee] died leaving no dependents.” Hughes, 514 So.2d at 938. While the plaintiff in Hughes did not assert a claim under Article 2, as the Truitts do here, the reason for rejecting the claim in both eases is the same — the employee’s death is governed exclusively by Article 3 of the Workers’ Compensation Act even though the employee died leaving no dependents. Because Article 2 “shall not apply in cases where Article 3 ... becomes operative,” the Truitts’ claim under Article 2 must be rejected. § 25-5-30, Ala.Code 1975.
While not discussing the distinctions between Article 2 and Article 3, this Court has held in other cases that the Workers’ Compensation Act does not award compensation for the death of a dependentless employee. In Slagle v. Reynolds Metals Co., 344 So.2d 1216, 1217 (Ala.1977), the plaintiff argued that the provision of the Workers’ Compensation Act disallowing death compensation where a dependentless employee is fatally injured in the scope of his employment was unconstitutional. This Court rejected that argument, stating that compensation for death is a legislative matter. We noted that “[c]learly, the legislature did not provide that the employer must make compensation payments where the workman dies leaving no dependents.” Slagle, 344 So.2d at 1218.
In Yarchak v. Munford, Inc., 570 So.2d 648 (Ala.1990), the plaintiff, as administrator of the estate of his son, who had been fatally injured in the course of his employment and who had died without dependents, sought damages for wrongful death and a judgment declaring the exclusivity provisions of the Workers’ Compensation Act unconstitutional. The plaintiff argued that a wrongful death action is common law in nature and that, to the extent it denied recovery for the death of a dependentless employee, the Workers’ Compensation Act was unconstitutional. We held that wrongful death actions are statutory and, therefore, that recovery may be limited or disallowed altogether. 570 So.2d 648. See Slagle v. Parker, 370 So.2d 947, 949 (Ala.1979) (“Since the right to bring an action for wrongful death is a product of the legislature, it can be modified, limited, or repealed as the legislature sees fit.... Thus, [in a previous appeal in Slagle] this Court held it constitutionally permissible for the legislature through the Workmen’s Compensation Act to deprive a father of his right to sue for the wrongful death of his son under § 6-5-391.”); Johnson v. Ralls, 286 Ala. 565, 571, 243 So.2d 673, 677 (1970) (Maddox, J., concurring) (“Appellant contends that in death cases where there are no dependents, the next of kin of a deceased employee are left without a remedy. Under our statutes this is presently true, but the wisdom of allowing the personal representative of a deceased employee who leaves no dependents to main *972 tain a wrongful death action against the deceased employee’s employer is for the Legislature, not for this Court.”); Patterson v. Sears-Roebuck & Co., 196 F.2d 947, 949 (5th Cir.1952) (“The Legislature could take away all remedy for injuries resulting in death, or condition it as it saw fit. It could provide, as it has done under the Workman’s Compensation Act, and as it does in many death cases in other states, for a strictly limited kind of recovery.”).
In Patterson, the plaintiff argued that because no action could be maintained under the Workers’ Compensation Act for the death of the dependentless employee, the Act did not preclude recovery under other Alabama laws for the recovery of damages for wrongful death. The former United States Circuit Court of Appeals for the former Fifth Circuit held:
“[T]he [Workers’ Compensation] act intends to, and does, provide the exclusive remedy for death damages in cases of employee-employer injuries; ... it confines the remedy to those who, within the meaning of the act, are dependents of the deceased; and ... if there are no dependents to sue, there is no suit, since the remedy is furnished not to the administrator of the estate of a decedent but to his dependents.”
Patterson, 196 F.2d at 949. The Court of Appeals also held that it was within the power of the legislature to leave the estate of a dependentless employee without compensation for the employee’s death and held that the legislature’s doing so did not take the accident outside the exclusivity provisions of the Workers’ Compensation Act.
These cases make it clear that the fact that an employee dies without dependents does not create a remedy outside the Workers’ Compensation Act. Likewise, the fact that the deceased employee had no dependents does not render Article 3 inoperative so as to allow compensation by a civil action under Article 2.
Based on the foregoing, we reverse the trial court’s order denying Champion’s summary judgment motion and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ALMON, SHORES, HOUSTON and INGRAM, JJ., concur.

. The complaint also asserted claims against fictitiously named defendants based on "willful misconduct” and "medical malpractice.” These claims are not relevant to the issue before us.

. In Yarchak, Justice Jones wrote:
"The determination of whether a fault-based remedy is available outside the coverage of Article 3 is governed by the exclusivity clause of § 25-5-53. In its limitation-of-remedies provision, § 25-5-53 contains the following exception: 'Except as provided in this article [Article 3] and article 2.... ’ (Emphasis added [by Justice Jones].) Because it excepts those remedies provided in Articles 2 and 3, it is clear that the exclusive-remedy provision clearly does not apply to those remedies, if any, provided in either Article 2 or Article 3."
570 So.2d at 651.

. The 1992 amendments to the Workers' Compensation Act are not applicable to this case, because the accident occurred and the action was filed before May 19, 1992, the effective date of the 1992 amendments. Therefore, all citations to the Act and all quotations from it will be based on the Act as it existed before May 19, 1992.

. We note that the trial court ruled in this case before our opinion in Story & Co. was released, so it did not have the benefit of that decision.