This is a negligence action arising from an automobile accident.
The question presented is whether the Circuit Court abused its discretion in granting a new trial.
The accident occurred at the intersection of Highways 157 and 101 in Lawrence County, Alabama. At this intersection Highway 157 runs generally northwest and southeast. Highway 101 runs generally north and south. For the purposes of this opinion, and for simplicity, we will consider this a north-south, east-west intersection.
Sadie Pate, one of the plaintiffs, was a passenger in a car driven by Geneva Graham. The defendant, Lynn Nathaniel Little, was driving the other car. The Little car was travelling north on Highway 101 and had stopped at a stop sign at the intersection in question. The Graham car was proceeding west on Highway 157 and had slowed or stopped in order to make a left turn onto Highway 101. A truck was proceeding east on Highway 157, and as soon as the truck passed through the intersection *Page 942 
the Graham car began a left turn, when the collision occurred.
The plaintiff contends that after the truck passed going east, the Little car moved onto Highway 157 and struck the Graham car in the side, and then backed up to a point on Highway 101 behind the stop sign.
Little contends that the Graham car turned left from Highway 157 onto Highway 101, and by turning too sharply came into collision with the Little car which was still stopped on Highway 101.
Upon trial, the jury returned a verdict for the defendant, Little. The trial court set aside the verdict on motion for new trial.
The rules governing appellate review of rulings on motions for new trial were summarized by this Court in Hubbard Bros.Construction Co., Inc. v. C.F. Halstead Contractor, Inc.,294 Ala. 688, 321 So.2d 169 (1975), wherein it was stated:
 1. Granting or denying a new trial motion is a matter resting largely in the discretion of the trial judge and exercising it carries a presumption of correctness.
 2. When the trial court grants a new trial motion, without specifying the grounds therefor, the ruling must be sustained on appeal if any good ground is presented by the motion.
 3. When the trial court grants a new trial, without specifying the grounds therefor, and one of the grounds is that the verdict is contrary to the evidence, the appellate court presumes that it was because the trial court concluded the verdict was contrary to the great preponderance of the evidence or the verdict was unjust in the light of the evidence.
 4. In such circumstances as 3, the appellate court will not reverse the order granting a new trial unless it appears that the great weight of the evidence plainly and palpably shows the trial court was in error.
 5. In such circumstances as 3, and where the evidence is in conflict and when, upon review thereof, the appellate court cannot say that the great weight of the evidence plainly and palpably supports the jury's verdict or it is not convinced that the evidence plainly and palpably shows the trial court to be in error, then the order granting a new trial should not be disturbed.
294 Ala. 690-91, 321 So.2d 171. (citations omitted).
The plaintiff, Sadie Pate, was a passenger in the Graham car and under the facts of this case could not as a matter of law be guilty of contributory negligence. Thus, the main issues were whether Little was negligent and, if so, whether his negligence proximately caused the injury.
Under the rule summarized in Hubbard Bros., trial judges are given considerable discretion in setting aside jury verdicts. We cannot say that from the facts in this case that the trial judge erred. Therefore, the judgment granting a new trial is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.