JONES, Justice.
Defendant/appellant appeals from the trial court’s order granting plaintiff a new trial. Initially, we emphasize that this case is not controlled by the new trial standard recently announced in Jawad v. Granade, 497 So.2d 471 (Ala.1986). In Jawad, we reversed the trial court’s granting of a new trial on the weight-and-preponderance-of-the-evidence ground. Here, although plaintiff asserted this ground in her new trial motion and the trial court’s order does not specify the ground on which it based its new trial order, the record of trial, as well as the recorded comments of the trial court during the hearing on the motion, leave no doubt that its new trial order was based on another ground: That defendant’s counsel made improper and prejudicial remarks to the jury in his opening statement.
The record of trial reflects that, during the first recess following opening statements by trial counsel, a juror confided to the bailiff that she probably should not continue to serve as a juror in light of a certain remark that defendant’s counsel had made in his opening statement. Soon after this matter was brought to the court’s attention, the juror, responding to the court’s inquiry, stated:
“JUROR FITZPATRICK: ... What I said was that when he [defense counsel] mentioned that this individual had filed a claim with social security and it had been denied, I was reasonably sure I hadn’t personally handled it; but it was denied and I said in effect what they are asking me to do is to render — possibly render — a decision that reverses my own agency’s decision.”
The trial court itself made two specific comments concerning defense counsel’s opening statement, one during trial in the presence of counsel but out of the presence of the jury, and one during the post-trial hearing on plaintiff’s motion for a new trial. During trial, the court addressed the following remarks to defense counsel:
“THE COURT: You made a statement in your opening statement that injected things into this case that in my opinion are not only prejudicial or highly prejudicial but are inadmissible and I don’t think that you’re going to be able to show. And it’s clearly obvious that that statement has already influenced one juror into taking a position and making her position known that based on that statement that she can’t serve fairly and impartially in this case. Now, I mean, Lord, if you ever want a better example of your conduct and improper conduct, influencing a juror, I don’t think you’ll ever have a better example. And quite frankly, without me even suggesting it, you said you are going to do it; now when you don’t do it, I don’t know what *707 if any motions will be forthcoming from the plaintiff relating to that, particularly in view of the fact that you have this conduct exhibited and demonstrated by a juror.”
Later, during the post-trial hearing, the court stated:
“I want to say one thing to you fellows and I guess it’s illustrating how different folks see different things different ways. The one thing quite frankly that has concerned me the most about this case, and obviously hasn’t caused either one of you any concern, and perhaps I ought not to say anything about it at this point, but I was concerned from the very beginning and all the way through about comments that were made to the venire about other cases and the denial of social security claims. In my opinion, and of course we can’t draw assumptions and we don’t know, but it was my feeling that this probably was something that was on the jury’s mind even during the deliberations, as indicated by the question that they asked about how the other cases were disposed of. I believe that was the jury question that came back during this case.”
Indeed, defense counsel urges this Court to accept the proposition that the foregoing quoted portions of the record reveal that the weight-and-preponderance-of-fhe-evi-dence ground was not the basis of the trial court’s order granting a new trial. We quote from appellant’s brief:
“It is clear from the statements on the record by the court, especially that made sua sponte during arguments on the motion for new trial, that the court made its decision because it deemed that the statements made by the attorney for the Appellant during opening statement regarding Social Security benefits brought prejudicial and inadmissible matters to the attention of the jury.
[[Image here]]
“Appellant contends that it is clear from the record that the attorney for Appellant made a statement during opening statement that he expected the evidence to show that the Appellee had applied for Social Security disability benefits for problems similar to the ones complained of as a result of the accident made the basis of the case at hand.”
Appellant seeks to have this Court reverse the trial court’s granting of a new trial, and thus reinstate the verdict in favor of defendant on two separate grounds: 1) that the matter commented upon in his opening statement was, at least, admissible and, at most, not so prejudicial as to be ineradicable; and 2) that appellee neither objected to appellant’s opening statement nor moved for a mistrial when the challenged juror was replaced by an alternate juror by stipulation of the parties.
The central thrust of appellant’s first position is that he “expected” to prove (as expressed to the jury in his opening statement) that the plaintiff, prior to the accident in question, had filed for disability benefits with the Social Security Administration; and that he intended to make this offer of proof for the limited purpose of impeaching the plaintiff with respect to her claim that her injured back was the result of the subject automobile accident and not a pre-existing condition.
We affirm the trial court’s rejection of appellant’s first ground for two reasons: 1) Primarily, no offer of proof was ever forthcoming as a follow-up on his opening statement. Appellant’s counsel attempts to explain this deficiency by saying that he made a tactical decision to omit any evidence of the plaintiff’s prior claim for disability benefits. Appellant’s motive, however, cannot alter the reality that the jury was given a highly prejudicial suggestion of fact by counsel in opening statement and no proof of such fact was ever offered. 2) Even assuming the evidence was offered and that it was admissible for the limited purpose of impeachment, no such limited 'purpose accompanied counsel’s “expect to prove” statement. Appellant’s counsel candidly admitted that evidence of plaintiff’s prior claim of disability was inadmissible for any purpose other than impeachment.
Likewise, we reject appellant’s second ground — that the error, if any, was not *708 properly preserved for post-trial review. Appellant’s counsel invites our attention to two separate times during the trial when, he contends, plaintiffs counsel should have taken specific action to preserve the issue: 1) When the “expect to prove” statement was made during defense counsel’s opening remarks to the jury; and 2) again, when the juror was excused and replaced by an alternate by stipulation.
At neither of the times pinpointed by appellant’s contention, however, did the ap-pellee know of appellant’s decision not to offer the evidence mentioned in the opening statement. Under the circumstances, the appellee could hardly be charged with withholding an objection or motion for new trial in order to gamble on the verdict. We hold, therefore, that the trial court did not err in entertaining appellee’s challenge, asserted for the first time in her post-trial motion for a new trial.
By way of conclusion, we make the following comment: We are aware of the general apprehension among both Bench and Bar that our recent decisions in Jawad, supra, and Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), restrict the trial court’s exercise of its overall discretion in the granting of post-trial motions for new trial. We take this opportunity to clarify our holdings in those two cases.
Hammond relates solely to the duty imposed upon the trial judge to make findings of fact and conclusions of lav, either with or without a further post-trial evidentiary hearing, where excessiveness of the jury verdict is a stated ground for a new trial or for a remittitur as a condition for denial of a new trial. On a case-by-case basis, this Court, through its continuing review of such cases, will evolve standards for application in considering new trial motions on grounds of excessiveness of the verdict, including remittitur situations.
The Jawad decision narrowed the field of operation for the trial court’s exercise of its discretion in setting aside a jury verdict and granting a new trial on the weight and preponderance of the evidence. This is in contradistinction to a J.N.O.V. motion, based on an insufficiency-of-the-evidence ground, which is governed by a more objective, nondiscretionary standard.
The trial court’s exercise of its broad discretion to grant a new trial on grounds invoking its consideration of principles of fundamental fairness and other discretionary rulings is left unaffected by Hammond and Jawad; and its rulings in such matters is reviewed on appeal by an assumption-of-correctness standard.
AFFIRMED.
ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur specially.