This is a workmen's compensation case.
The trial court rendered a judgment, finding that the employee, who had injured his back in a work-related accident, was permanently partially disabled and that his ability to earn had been impaired to the extent of seventy percent.
Subsequently, the employee filed a motion to reopen the case for the submission of additional testimony from a doctor whose deposition had been submitted to the trial court prior to its original judgment. The employee in his motion alleged that, since he testified in the case, his condition had worsened and that he could no longer engage in any kind of employment.
The trial court denied the employee's motion to reopen.
The employee, through able counsel, appeals. We affirm.
We note that the employee did not style his motion to reopen the case as one filed pursuant to any rule or statute. On appeal, however, he does claim such specific authority for the granting of the motion.
The employee first contends that the trial court erred in denying his motion under Rules 59 and 60 (b)(6) of the Alabama Rules of Civil Procedure.
Under Rule 59, A.R.Civ.P., a new trial may be granted in a judge-tried case for any of the reasons for which rehearings have heretofore been granted in equity in the courts of Alabama. Among such reasons is undoubtedly the discovery of new evidence by the movant. Cf. Ala. Code (1975), § 12-13-11 (a)(7) (1986 Repl.Vol.). Such is obviously the basis upon which the employee claims the right to reopen his suit under Rule 59 — the discovery of "new evidence" which allegedly did not exist at the date of the trial.
The grant or denial of a new trial motion based upon the movant's claim of newly discovered evidence is a matter which we find rests largely in the discretion of the trial court, the exercise of which carries with it a presumption of correctness. This court will not reverse the trial court's ruling on the motion unless the great weight of the evidence plainly and palpably shows that the trial court erred. Little v. Pate,388 So.2d 941 (Ala. 1980). See Dunkin v. Smith, 502 So.2d 705 (Ala. 1987); Jawad v. Granade, 497 So.2d 471 (Ala. 1986).
Similarly, the grant or denial of a motion for relief from the judgment under Rule 60 (b), A.R.Civ.P., is committed to the discretion of the trial court, and its decision regarding such motion will not be set aside on appeal to this court unless an abuse of that discretion is shown. Brooks v. Brooks,494 So.2d 645 (Ala.Civ.App. 1986); Shipe v. Shipe, 477 So.2d 430
(Ala.Civ.App. 1985).
We further note that Rule 60 (b)(6), upon which the employee specifically claims his motion was based, "is an extreme and powerful remedy and should be used only under extraordinary circumstances." Gallups v. United States Steel Corp.,353 So.2d 1169, 1172 (Ala.Civ.App. 1978). Its use "is justified only in those exceptional and compelling circumstances when a party can show sufficient equitable *Page 892 
grounds to entitle him or her to relief." Shipe,477 So.2d at 432.
Our review of the record reveals neither plain and palpable error by the trial court nor an abuse of its discretion in denying the employee's motion to re-open the case.
The motion, which alleged that the employee's condition had worsened and that he could no longer work, was filed approximately one month following the judgment and two and one-half months following the ore tenus proceedings. The case, however, had been pending before the trial court for approximately a year and a half prior to judgment.
The employee's motion, including the amendment thereto, was rather vague as to specifically what new evidence had been discovered or in what way the employee's condition had worsened during the short period of time following the judgment. No affidavits or exhibits were attached to the motion for consideration by the court.
The employee claimed that, because of an additional development in the medical aspects of the case, the doctor, whose deposition had been taken several months earlier, would now give presumably different opinion testimony from that first given. The doctor's deposition, however, had been submitted to the trial court, and the latter previously had rendered its judgment considering the same just a month before the employee's motion.
In view of all of the above, we find that the employee's claims that his motion should have been granted under Rules 59 and 60 (b)(6), A.R.Civ.P., are without merit.
The employee also contends on appeal that his inability to reopen the suit is a denial of his equal protection rights under the 14th Amendment to the United States Constitution. He bases this argument on Ala. Code (1975), § 25-5-57 (a)(4)b. (1986 Repl.Vol.), which provides that, in the case of a determination of permanent total disability, the employer may petition the circuit court to amend or revise the award of compensation where the employee's condition improves so that he is no longer permanently and totally disabled.
The employee contends that this statute is unconstitutional because it grants to the employer the right to reopen workmen's compensation suits, but gives no such right to him, the employee, thus denying him equal protection.
We find the employee's reading and interpretation of §25-5-57 (a)(4)b. to be incorrect.
The purpose of § 25-5-57, which is entitled "Compensation for disability," is obviously to set forth practical guidelines, including specific amounts and terms, for compensation for a work-related disability. Section (a) of § 25-5-57 sets forth compensation schedules for each of the different types of disability recognized by Alabama's workmen's compensation law.
Subsection (a)(4) deals only with the compensation guidelines for a permanent total disability. Subparagraph b. of this subsection of the statute provides in part:
 "At any time, the employer may petition the circuit court which awarded or approved compensation for permanent total disability to alter, amend or revise the award or approval of such compensation on the ground that as a result of physical or vocational rehabilitation, or otherwise, the disability from which the employee suffers is no longer a permanent total disability. . . ."
Section 25-5-57 (a)(4)b. does not, as the employee points out, make an identical provision for the employee. It is only common sense, however, for one to conclude that there is no need for such a provision in this part of the statute. An employee who has been determined to be permanently and totally disabled should have no need or, more appropriately, desire to petition the court to reduce his benefits in the event his disability decreases. We note that § 25-5-57 (a)(4)b. does provide that an employee who has been receiving benefits for a permanent total disability other than as the result of an award or written agreement with the employer and whose benefits are terminated by the employer may petition the court to reinstate such benefits. *Page 893 
We do not find § 25-5-57 (a)(4)b. to deny the employee equal protection or to be otherwise unconstitutional.
We would point out that, though § 25-5-57 (a)(4)b., or any other provision of § 25-5-57, does not specifically provide that an employee may petition to reopen his case upon a change in his disability subsequent to the award, he has such a right, in effect, under Rules 59 and 60, A.R.Civ.P.
Indeed, he invoked such right in filing his motion to reopen the case. The trial court simply determined, and it correctly did so, that the motion was due to be denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.