STEAGALL, Justice.
This case arises from a motor vehicle accident on a crowded expressway in which plaintiff Robert E. Wiggins and defendant Sylvester Massey were involved in a collision, along with two other motorists who are not parties in the present action. Wiggins sued Massey and Massey’s employer, Super Dollar Stores, Inc. Wiggins’s wife also sued, alleging loss of consortium. Following a jury trial, a verdict was returned for the defendants. From the trial court’s granting of the plaintiffs’ motion for a new trial, the defendants appeal. We affirm.
The collision occurred on July 10, 1984, at approximately 6:30 p.m. in the westbound lanes of Interstate 20/59 in downtown Birmingham. The point at which the vehicles operated by Mr. Wiggins and Massey impacted was somewhere between the 22nd Street exit and the Interstate 20/59 interchange with Interstate 65. All of the vehicles involved were traveling west.
Four vehicles were involved in the collision(s).[1] Robert Wiggins was operating a brown Datsun automobile; Sylvester Massey was operating a tractor-trailer truck as an employee-servant of Super Dollar *911 Stores. Two other passenger cars, operated by Jada Moman and Debbie Doss Starr, were also involved and sustained property damage.
The undisputed basic facts of the accident are as follows: While traveling west on Interstate 20/59, Massey’s tractor-trailer rig and Robert Wiggins’s Datsun somehow came into contact with each other in the vicinity of the 22nd Street exit. Wiggins thereby lost control of his vehicle and crashed into the far left concrete guardrail. Almost simultaneously, Jada Moman, who was traveling west just behind Massey and Wiggins, collided with the rear of Massey’s tandem trailer, thereby losing control of her vehicle and crashing into the far right concrete guardrail. Starr, who was traveling west almost directly behind Moman, was unable to stop her vehicle and collided with Moman’s car, which had come to rest adjacent to the right concrete guardrail. Mr. Wiggins and Starr suffered personal injuries and were transported from the accident scene by ambulance.
The Wigginses sued Massey and Super Dollar Stores on theories of negligence and wanton misconduct.[2] The complaint sought $250,000 in damages and was answered with a denial that Massey was guilty of any negligence or wanton misconduct. The answer, moreover, asserted the affirmative defense of contributory negligence on the part of Robert Wiggins. The case was tried before a jury, which returned a verdict in favor of the defendants, Massey and Super Dollar Stores. The plaintiffs filed a timely motion for a new trial or, in the alternative, for a judgment notwithstanding the verdict. It was therein asserted, inter alia, that the verdict was contrary to the great weight and preponderance of the evidence.[3] The motion for new trial was granted on September 25, 1986. It is this order setting aside the jury’s verdict and granting a new trial from which the defendants appeal.
The trial judge, in granting the Wiggins-es’ motion for a new trial, did not specify the ground(s) on which his order was based. It should thus be observed that:
“When the trial court grants a new trial, without specifying the grounds therefor, and one of the grounds is that the verdict is contrary to the evidence, the appellate court presumes that it was because the trial court concluded the verdict was contrary to the great preponderance of the evidence or the verdict was unjust in the light of the evidence.”
Little v. Pate, 388 So.2d 941, 942 (Ala.1980); citing with approval Hubbard Bros. Construction Co. v. C.F. Halstead Contractor, 294 Ala. 688, 321 So.2d 169 (1975), overruled in part on other grounds, Jawad v. Granade, 497 So.2d 471 (Ala.1986). Moreover, this presumption will not be disturbed unless it is readily apparent that the new trial order is based on one or more of the other asserted grounds. Dunkin v. Smith, 502 So.2d 705 (Ala.1987). We conclude, based upon our review of the record and the evidence presented, that the motion for new trial was granted on the basis that the verdict of the jury was against the great weight and preponderance of the evidence. Hence, the Little v. Pate presumption is here applicable and will not be disturbed.
The appropriate standard of appellate review is that set forth in Jawad v. Granade, supra.[4] Succinctly stated, when it cannot be easily perceived from the *912 record that the jury’s verdict is supported by the evidence, the grant of a motion for new trial, on the ground that the verdict is against the great weight and preponderance of the evidence, will be affirmed.
The plaintiffs’ evidence was presented through the testimony of Officer Jeffrey Sartain of the Birmingham Police Department (the investigating officer at the accident scene), the testimony of plaintiff Robert E. Wiggins, and the testimony of plaintiff Dorothy Wiggins. Photographs were also offered that depicted the damage to Mr. Wiggins’s Datsun, as well as photographs of Mr. Wiggins himself, which were taken at the hospital following the accident. The defense also presented its case through photographs of Mr. Wiggins's vehicle, along with the testimony of defendant Massey and the testimony of Moman and Starr. The Wigginses maintained that Massey changed lanes and struck Mr. Wiggins’s vehicle, thereby causing the accident and the resulting injuries to Mr. Wiggins. The defendants, on the other hand, asserted that it was Mr. Wiggins who changed lanes and hit the tractor-trailer rig operated by Massey.
We note that the testimony of all witnesses was apparently given in relation to a diagram posted in the courtroom. (“Q. You see this drawing on the board that I take credit for? It’s not to scale, and it’s not much of a work of art, but does that fairly and accurately depict the scene of this accident generally? A. [by witness Sartain] Yes, sir.” Record, R-128.) That “drawing on the board” is not before this Court, and it is not possible for us to understand, as we assume the trial judge understood, all the references of the witnesses to directions, distances, and movements. The record contains many references to such things as “this exit,” “this side,” “this vehicle,” “this way,” and “that way”; examples of witnesses pointing to the diagram to explain their statements; and statements such as as I got right along there where you have the 1-65 printed in lane two” and “as you get down here to the no man’s land.” We must defer to our assumption that the trial judge understood the witnesses’ testimony and found meaning in their references to the diagram.
Based upon our examination of the record in this case, we cannot say that it is “easily perceivable from the record that the jury verdict is supported by the evidence.” Jawad, v. Granade, 497 So.2d at 475. The Jawad standard for review of an order granting a new trial on the ground that the verdict is “against the great weight or preponderance of the evidence” places on the appellant the burden of showing that the record clearly supports the verdict. This record is, at best, confusing, and we cannot find that it clearly supports the defendants’ verdict. Because we find the confusing references to offer little, if any, clear support for any finding, we must affirm the trial judge’s grant of a new trial made on his determination that the verdict was against the great weight of the evidence. Again, we must assume that he had a clear picture of the witnesses’ description of the events — a better picture than we are able to get from the record itself.
We have thoroughly reviewed the record (both the testimony and the exhibits), and we find nothing “easily perceivable” from it to support the finding of the jury. Therefore, the order of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.

. The appellants accurately characterize the mishap as a "sequence of events which might fairly be described as two related, nearly simultaneous, accidents." Only the collision involving Mr. Wiggins and Massey is at issue here.

. A claim for negligent entrustment was added by the plaintiffs at trial, but it was severed from the instant action by the trial court.

. Other grounds were asserted as well: Failure of the trial court to charge the jury that a regulation of the Interstate Commerce Commission constitutes a "rule of the road” in Alabama; the admission over objection of a prior written statement of a defense witness (Jada Moman); the manner of examination by defense counsel of Jada Moman; and the failure of the trial court to discharge for cause four jurors who, on voir dire, had expressed personal opinions regarding the use of automobile seat belts. Because of the application in this case of the Little v. Pate presumption, to be addressed later in this opinion, these grounds need not be addressed.

.As previously indicated, the motion for new trial was granted on September 25, 1986. At that time the applicable scope of appellate review was that enunciated in Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891), and the subsequent line of cases applying that standard. Cobb and its progeny stood for the proposition that when a new trial is granted on the ground that the *912 jury’s verdict is against the great weight and preponderance of the evidence, "the appellate court will not reverse ... unless it appears that the great weight and preponderance of the evidence plainly and palpably shows the trial court was in error.” Hubbard Bros. Constr. Co., supra, 294 Ala. at 690, 321 So.2d at 171. On September 26,1986, one day after the trial court granted the motion for new trial, we expressly overruled the above quoted language. Jawad v. Granade, 497 So.2d 471. The plaintiffs urge that the old Cobb standard should be applied in our review of this case. To the contrary, the defendants submit that the proper standard is that enunciated in Jawad. We agree with the defendants.