ROBERTSON, Judge.
This appeal challenges the constitutionality of § 25-5-57(a)(4)b., Code 1975.
This court in Adkins v. Gold Kist, 531 So.2d 890 (Ala.Civ.App.1987), has previously rendered an opinion in this matter affirming the trial court.
The supreme court, citing Barger v. Barger, 410 So.2d 17 (Ala.1982), and Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala.Civ.App.1985), quashed writ of certiorari as improvidently granted, Ex Parte David Adkins, 531 So.2d 893 (Ala.1988), and did not decide the constitutional issue due to the posture of the case.
Subsequently, Adkins gave notice to the attorney general as required by § 6-6-227, Code 1975, and the matter was reheard by the trial court. The trial court entered another order finding the code provision to be constitutional. From that order Adkins timely appeals.
The sole issue in this appeal is whether or not § 25-5-57(a)(4)b., Code 1975, is constitutional.
In Adkins v. Gold Kist, supra, this court stated and held as follows:
“The employee also contends on appeal that his inability to reopen the suit is a denial of his equal protection rights under the 14th Amendment to the United States Constitution. He bases this argument on Ala.Code (1975), § 25-5-57(a)(4)b. (1986 Repl.Vol.), which provides that, in the case of a determina *633 tion of permanent total disability, the employer may petition the circuit court to amend or revise the award of compensation where the employee’s condition improves so that he is no longer permanently and totally disabled.
“The employee contends that this statute is unconstitutional because it grants to the employer the right to reopen workmen’s compensation suits, but gives no such right to him, the employee, thus denying him equal protection.
“We find the employee’s reading and interpretation of § 25-5-57(a)(4)b. to be incorrect.
“The purpose of § 25-5-57, which is entitled ‘Compensation'for disability,’ is obviously to set forth practical guidelines, including specific amounts and terms, for compensation for a work-related disability. Section (a) of § 25-5-57 sets forth compensation schedules for each of the different types of disability recognized by Alabama’s workmen’s compensation law.
“Subsection (a)(4) deals only with the compensation guidelines for a permanent total disability. Subparagraph b. of this subsection of the statute provides in part:
“ ‘At any time, the employer may petition the circuit court which awarded or approved compensation for permanent total disability to alter, amend or revise the award or approval of such compensation on the ground that as a result of physical or vocational rehabilitation, or otherwise, the disability from which the employee suffers is no longer a permanent total disability....’
“Section 25-5-57(a)(4)b. does not, as the employee points out, make an identical provision for the employee. It is only common sense, however, for one to conclude that there is no need for such a provision in this part of the statute. An employee who has been determined to be permanently and totally disabled should have no need or, more appropriately, desire to petition the court to reduce his benefits in the event his disability decreases. We note that § 25-5-57(a)(4)b. does provide that an employee who has been receiving benefits for a permanent total disability other than as the result of an award or written agreement with the employer and whose benefits are terminated by the employer may petition the court to reinstate such benefits.
“We do not find § 25-5-57(a)(4)b. to deny the employee equal protection or to be otherwise unconstitutional.
“We would point out that, though § 25-5-57(a)(4)b., or any other provision of § 25-5-57, does not specifically provide that an employee may petition to reopen his case upon a change in his disability subsequent to the award, he has such a right, in effect, under Rules 59 and 60, A.R.Civ.P.
“Indeed, he invoked such right in filing his motion to reopen the case. The trial court simply determined, and it correctly did so, that the motion was due to be denied.”
Based on this court’s previous opinion, this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.