PER CURIAM.
David Adkins sought compensation pursuant to the Workmen’s Compensation Act, subsequent to a work-related back injury. In March 1987, the Marshall County Circuit Court entered a judgment in which it found Adkins to have suffered a permanent partial disability and a 70% permanent impairment of his ability to earn.
On April 6, 1987, Adkins filed a motion with the trial court to reopen the case to take additional evidence. He alleged that his condition had worsened, that he could no longer engage in any type of employment, and, therefore, that he had been rendered permanently and totally disabled. On April 17,1987, Adkins filed an amended motion to reopen the case to take additional testimony. In that motion, he alleged that Ala.Code 1975, § 25-5-57(a)(4)b., which provides that an employer may, under certain circumstances, request a review of a workmen’s compensation claim following final adjudication, but does not provide the same right to the employee, is unconstitutional. The trial court denied the motion and upheld its original judgment.
The Court of Civil Appeals affirmed the judgment of the trial court and denied rehearing. Adkins v. Gold Kist, Inc., 531 So.2d 890 (Ala.Civ.App.1987).
This Court granted certiorari but subsequently, without ruling on the petitioner’s challenge to the constitutionality of § 25-5-57(a)(4)b., quashed the writ as improvidently granted because the attorney general had not been given notice that the constitutionality of a state statute was being challenged. Ex parte Adkins, 531 So.2d 893 (Ala.1988).
Mr. Adkins then filed a motion in the circuit court asking it to rule on his amended motion, which was filed on April 17, 1987. The motion set forth the facts of the case and, as stated above, challenged the constitutionality of § 25-5-57(a)(4)b. The attorney general was properly served with a copy of this motion. The motion was granted to review the allegation challenging the constitutionality of § 25-5-57(a)(4)b. The trial court held that § 25-5-57(a)(4)b. was not unconstitutional *635 and denied Adkins’s motion to reopen the case to take additional evidence. Mr. Adkins appeals.
The issue is whether a statutory scheme that precludes an employee who has received a permanent partial disability award from reopening the original case to show permanent disability, while, under certain circumstances, allowing an employer who must pay a permanent total disability award to reopen the case, violates the right to equal protection.
The Alabama Workmen’s Compensation Act contemplates the following types of disability: temporary total disability, § 25-5-57(a)(l); temporary partial disability, § 25-5-57(a)(2); permanent partial disability, § 25-5-57(a)(3); and permanent total disability § 25-5-57(a)(4).
Section 25-5-57(a)(4) states in pertinent part:
“(4) Permanent Total Disability
[[Image here]]
“b. Alteration, Amendment or Revision of Compensation. — At any time, the employer may petition the circuit court which awarded or approved compensation for permanent total disability to alter, amend or revise the award or approval of such compensation on the ground that as a result of physical or vocational rehabilitation, or otherwise, the disability from which the employee suffers is no longer a permanent total disability and, if the court is so satisfied after a hearing, it shall alter, amend or revise the award accordingly. If compensation for permanent total disability is being paid pursuant to a written agreement between employer and employee without court approval, the employer may make application to a circuit court that would have had jurisdiction to award such compensation to the employee to alter, amend or revise the agreement on such grounds. If an employee is receiving benefits for permanent total disability other than as result of an award or a written agreement between the employer and employee and if the employer terminates the payment of such benefits, the employee may, within two years of the last payment, petition the court to reinstate such benefits and, upon a showing that such permanent total disability still exists, shall be entitled to have such benefits reinstated effective the date of the last payment.”
Under this statute, if an employer believes that the employee is no longer permanently and totally disabled, it may petition the court to reopen the case and change the employee’s classification from permanent total disability. Adkins argues that the Act does not allow an employee who has been permanently and partially disabled to petition the court to show that his condition has worsened and to request a change of classification. Therefore, he argues, the Act’s failure to provide him with the same opportunity for reclassification that is provided the employer is a denial of equal protection.
The equal protection clause of the Fourteenth Amendment prohibits states from enacting legislation that treats similarly situated people differently. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). However, legislation that is rationally related to a legitimate state interest will be sustained. Id.
A review of the relevant Code sections reveals that one of the principal objectives of the Act is the rehabilitation of employees that have been deemed permanently totally disabled. By allowing employers to petition the court for a reduction in the employee’s classification, the Act provides an incentive to the employer to rehabilitate the employee. Because payments under a permanent and total disability classification have no set date of termination and those under a lesser classification do have a set date, the employer is given an economic incentive to rehabilitate the employee. In the process, the legislative purpose of having severely injured employees rehabilitated is carried out.
It is important to note that this remedy is available to employers only in situations where there is a permanent and total dis *636 ability classification. Under lesser classifications, neither the employer nor the employee may reopen the case.
Because the different classifications assigned employers and employees under the Act are rationally related to the legislature’s desire to encourage the rehabilitation of severely injured workers, we hold that the questioned provisions do not violate the equal protection clause of the Constitution of the United States or the provisions of the Constitution of the State of Alabama and that the limited remedy granted to employers under § 25-5-57(a)(4)b. is not unconstitutional. The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.