HOLMES, Retired Appellate Judge.
Elizabeth Ann Owen (mother) appeals from the circuit court’s denial of her petition for modification, her petition for contempt, and her motion to alter, amend, or vacate the judgment or, in the alternative, her motion for a new trial.
Our review of the record reveals the following pertinent facts: On February 17, 1990, the mother and Winston Kevin Owen (Owen) had a son, Edward Winston Jacob Owen (minor child). Thereafter, the mother and Owen separated. In March 1991 the circuit court issued a divorce decree, divorcing the mother and Owen.
In October 1991 the mother married Darren Jackson. In May 1992 the mother and Jackson petitioned the probate court to allow Jackson to adopt the minor child. Owen executed a consent to this adoption.
In June 1992 the probate court issued a decree, allowing the mother and Jackson to legally adopt the minor child and changing the minor child’s name to Jacob Edward Jackson.
In August 1992 the mother arid Jackson separated. In January 1993 the mother filed a petition for a divorce from Jackson. In March 1993 Jackson filed a petition to set aside the adoption, alleging that the mother fraudulently induced him into the adoption in order to get some financial security for the minor child. Jackson further alleged that during the adoption process, the mother was seeing another man and intended to divorce Jackson soon after the adoption was final.
In June 1993 the probate court held a hearing on Jackson’s petition to set aside the adoption. In August 1993 the probate court issued an order, granting Jackson’s petition to set aside the adoption and ordering the restoration of the parental rights of the mother and Owen, as natural parents of the minor child.
In January 1994 the mother and Jackson were divorced. In October 1996 the mother filed in the circuit court a petition for modification and a petition for contempt against Owen.
In her petitions for modification and contempt, the mother alleged the following, in pertinent part: After the August 1993 order, the mother renamed the minor child, Jacob Edward Owen, but found it necessary to obtain a court order in order to list Owen’s name on the minor child’s birth certificate as the minor child’s father. The mother requested that the circuit court issue an order, directing the Alabama Department of Public Health, Bureau of Vital Statistics, to issue a new birth certificate for the minor child, listing Owen as the minor child’s father.
The mother also alleged that the probate court’s order setting aside the adoption reinstated Owen’s rights and responsibilities to the minor child, including the obligation to pay child support. The mother contended that Owen should have commenced paying child support in the amount established by the March 1991 divorce decree and that Owen should be held in contempt of court for the arrearage accruing since August 1993, the date the adoption was set aside by the probate court.
■ The mother requested that the circuit court enter a judgment against Owen for child support arrearage from the date that the adoption was set aside. The mother also requested that the circuit court compute Owen’s child support obligation, pursuant to Rule 32, Ala. R,. Jud. Admin.
Owen filed an answer to the mother’s petitions, alleging that he was not given -notice of the proceeding to set aside Jackson’s adoption of the minor child until August 1996, when the mother petitioned the probate court to change the minor child’s name to reflect that Jackson’s adoption of the minor child had been set aside. Owen also filed a counterclaim.
The circuit court scheduled the matter for trial on April 15, 1997. The record does not *8 contain a transcript of the April 15, 1997, proceedings. However, there is on the docket notice a handwritten notation, dated April 15,1997, which states,
“Lawyers to file briefs:
“[Mother’s attorney] has 20 days
“[Owen’s attorney] has 10 days
“thereafter to respond.”
In her brief on appeal the mother states that on April 15,1997, “it was determined that the matter would be submitted for decision based on briefs by the parties.”
In May 1997 the mother filed a brief in support of her petitions. In her brief the mother argued that the circuit court could not decide the appropriateness of the probate court’s decision because it does not have jurisdiction over adoption proceedings. The mother also argued that it is not necessary for a biological father to be notified when a petition to set aside an adoption is filed because, she said, there is no risk of the biological father losing a fundamental right. We would note that the mother’s brief contained the following statement: “Therefore, the probate court’s order to set aside [the] final decree of adoption was properly entered even though [Owen] was not notified of the hearing.”
In May 1997 Owen filed a brief in opposition to the mother’s petitions. In his brief Owen argued that he was never given notice of the petition to set aside the adoption and that he was never given an opportunity to be heard at the June 1993 hearing. We would note that the mother did not file a response to Owen’s brief.
In June 1997, pursuant to the circuit court’s request, the mother filed a copy of the minor child’s adoption file and a copy of the Jacksons’ divorce decree. In a letter attached to the documents, the mother’s attorney states that she has enclosed the minor child’s “complete adoption file.”
In July 1997 the circuit court issued an order, denying the mother’s petition for modification and the petition for contempt. In its order the circuit court stated the following, in pertinent part:
“It is undisputed, however, that [Owen] was not present at the annulment hearing, and that he was not a party to the ‘agreement’ referred to in the probate court order[, dated August 1993].
The circuit court also stated the following in its order:
“It seems clear to this court that in order to annul one’s consent, there must be notice and an opportunity to be heard in support of, and in opposition to, such an annulment. After all, the consent of the natural father relieves him of his parental responsibilities, and the annulment of that consent reinstates those responsibilities.”
The circuit court determined that because Owen was not given notice and an opportunity to be heard on the petition to set aside the adoption, Owen’s parental responsibilities had not been reinstated by the annulment of the minor child’s adoption.
The mother filed a motion to alter, amend, or vacate the judgment or, in the alternative, a motion for a new trial. The mother’s motion stated the following, in pertinent part:
“3. That since the order of the court was entered on July 10,1997, the [mother] has newly discovered evidence which will have a substantial effect on the outcome of this proceeding.
“4. That this court’s decision was made in reliance on the fact that [Owen] was never notified of the probate court proceeding to annul the adoption of the minor child by [Jackson]. That since the time of this court’s order, the [mother] has discovered that not only was [Owen] notified of the probate court proceedings, he was, in fact, present for the hearing which was held on June 16,1993.”
In support of her contentions the mother submitted a copy of the subpoena served on Owen, ordering him to appear at the June 1993 hearing on the petition to set aside the adoption, and the affidavits of her parents, stating that the mother was not present at the June 1993 hearing, but that Owen was, in fact, present at the June 1993 hearing.
Owen filed a response in opposition to the mother’s motion, contending that the matters raised in the mother’s motion could have been presented prior to the time that the circuit court issued its July 1997 order.
*9 The circuit court denied the mother’s motion to alter, amend, or vacate the judgment or, in the alternative, the motion for a new trial.
The mother appeals. Owen did not favor this court with a brief on appeal.
We would note that the grant or denial of a motion for a new trial based upon the movant’s claim of newly discovered evidence is a matter which rests largely in the discretion of the trial court and that the trial court’s determination carries a presumption of correctness. This court will not reverse the trial court’s ruling on the motion unless the great weight of the evidence plainly and palpably shows that the trial court erred. Adkins v. Gold Kist, Inc., 531 So.2d 890 (Ala.Civ.App.1987).
In light of the foregoing, it is clear that prior to the issuance of the July 1997 order, the mother was aware of Owen’s contentions that he did not have notice of the petition to set aside the adoption and that he was not afforded an opportunity to be heard. In fact, as we previously noted, the mother did not dispute Owen’s contentions in her brief filed with the circuit court.
We would further note that the copy of the subpoena served on Owen, which the mother filed with her motion to alter, amend, or vacate 'the judgment or, in the alternative, her motion for a new trial, was not contained in the minor child’s “complete adoption file,” which the mother filed with the circuit court in June 1997. The mother offers no explanation as to why the “complete adoption file,” which she filed with the circuit court in June 1997, did not contain a copy of the subpoena served on Owen, or how she “discovered” this evidence after the issuance of the July 1997 order, or why she was unable to discover this evidence prior to the issuance of the July 1997 order. Additionally, we would note that there is no evidence that if Owen were, in fact, present at the June 1993 hearing, he was afforded an opportunity to be heard.
Consequently, we do not find that the circuit court abused its discretion when it denied the mother’s motion to alter, amend, or vacate the judgment or, in the alternative, the motion for a new trial.
In addition to the above, the trial court in its order noted that the minor child was not represented by a guardian ad litém and that he should have been. It appears that the trial court is correct in this regard, or at least it would be prudent in this instance for a guardian ad litem to be appointed to represent the minor child’s interest.
The mother argues that the circuit court did not have jurisdiction to review the probate court’s order setting aside the minor child’s adoption.
However, in the present case, it was the mother who filed a petition with the circuit court, requesting that the circuit court hold Owen in contempt for the child support ar-rearage that had accrued since the date that the probate court set aside the minor child’s adoption. Owen filed an answer to the mother’s petition, alleging that he had not been given notice or an opportunity to be heard prior to the time that the probate court set aside the adoption.
Under the facts and circumstances of the present case, the circuit court had to review the probate court’s order setting aside the minor child’s adoption in order to determine the dispositive issue raised by the mother’s petitions—whether Owen should be held responsible for paying child support for the minor child after the probate court set aside the minor child’s adoption. “Because [the mother] injected this issue into the [case, she] has no right to complain.” Associates Financial Services Co. v. Barbour, 592 So.2d 191, 197 (Ala.1991). Stated another way, “[the invited error] doctrine provides that a party may not complain of error into which he has led the court.” Ex parte King, 643 So.2d 1364, 1366 (Ala.1993).
In view of the above, discussion of the remaining issues is pretermitted.
In light of the foregoing, the judgment of the circuit court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
*10 CRAWLEY, and THOMPSON, JJ., concur. ROBERTSON, P.J., and YATES, RAWLEY, and THOMPSON, JJ.
MONROE, J., concurs in result only.